NORTH CAROLINA                           IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
GUILFORD COUNTY                         1a CVS 10458

LUKE DIVENTI, )
)
    Plaintiff, )
)
vs. ) COMPLAINT
)
VOLVO GROUP NORTH AMERICA, LLC d/b/a )
VOLVO TRUCKS NORTH AMERICA, )
)
    Defendant. )

COMES NOW PLAINTIFF, complaining of the acts of Defendant, alleges and says that:

1. Plaintiff is a resident of North Carolina.

2. Upon information and belief, Defendant is a limited liability corporation organized and existing under and by virtue of the laws of the State of Delaware, with a place of business in Guilford County, North Carolina. Defendant is an employer in commerce within the State of North Carolina as it manufactures and sells trucks and tractors for profit.

FIRST CAUSE OF ACTION: NATIONAL ORIGIN DISCRIMINATION

3. That, Plaintiff, a person born in Romania, was employed by Defendant from August 8, 2011 until November 16, 2018 as a lead project manager.

4. That after Plaintiff was hired, he worked very diligently and learned the specific operations of Defendant's organization to the best of his ability. Throughout his employment with Defendant, he performed his positions diligently and with the best interests of the Defendant in mind. Upon information and belief, Plaintiff was performing his duties at or above the level of other employees with the same experience and tenure with Defendant. The only suggestion for improvement was to become more Swedish in his interactions with coworkers.

5. That Plaintiff reported his concerns about the hostile working environment and national origin discrimination on several occasions. These concerns were formally reported on or about June 15, 2018 to his manager. As Plaintiff continued to report special treatment provided to employees of Swedish birth as compared to himself and other non-Swedes, the business discussions held in the Swedish language with the intent to exclude non-Swedes, the beginning of group meetings with discussions by top managers in Swedish to the exclusion of non-Swedes, and the reduced collegial social activities within the organization for non-Swedes, the Defendant escalated its to efforts to impede his performance and to reduce his opportunities for advancement. Despite his reporting these concerns, no remedies were offered to him.

6. That on or about September, 2018, Plaintiff requested approval for a business trip to Gothenburg from his manager and the trip was denied. The same trip was approved for a Swedish national colleague.

7. That Plaintiff applied for a position as a range director, a position for which he was highly qualified. Plaintiff was participating in the interview process for the position in October, 2018 and had attended the first level interview. The second level interview was scheduled for October 29, 2018. Despite his work experience with Defendant, his education, and prior relevant work experience, the position was given to a Swedish colleague. Upon information and belief, the colleague was not as qualified as Plaintiff for the position.

8. That on or about October 23, 2018, pursuant to the chain of command within the organization, Plaintiff informed his manager that he would be escalating his concerns of national origin discrimination and hostile work environment to the upper level managers scheduled to visit the site the following week.

9. That on or about October 24, 2018, Plaintiff was placed on administrative leave as the Defendant conducted an investigation into allegations of harassment by Plaintiff. That the leave continued through the time that he was scheduled for the second level interview for the director position. The administrative leave adversely impacted his interviewing process.

10. That during the alleged investigative period, health insurance renewal forms were to be completed and Defendant refused to provide those forms to Plaintiff despite his requests therefor.

11. That upon information and belief, he was subjected to a higher level of scrutiny than coworkers outside of the protected class. In particular, he was denied access to the alleged evidence serving as the basis for his suspension and prohibited from responding thereto. Moreover, upon information and belief, his professional need for the trip to Gothenburg was also evaluated by a higher standard than his Swedish colleague.

12. That shortly after escalating the reporting of his concerns about national origin discrimination and retaliation associated therewith, his employment was terminated on or about November 16, 2018 despite a failure to substantiate the allegations of harassment brought against him.

13. Upon information and belief, a person with less experience and of a different original nationality than Plaintiff has assumed his duties. Moreover, upon information and belief, the replacement employee was Tarja Antilla of Swedish descent.

14. At all times relevant herein, Plaintiff's supervisors that criticized his performance, denied him continued employment opportunities, and terminated his employment, were agents of the Defendant, duly authorized and acting within the scope of their employment. Moreover, upon

information and belief, they were all of Swedish national origin.

15. That Plaintiff expressed his concerns about national origin discrimination and retaliation in the workplace as well as his objection to the alleged basis for his termination to said supervisors. Plaintiff left Defendant's employ without a response to his concerns about the discriminatory conduct.

16. The conduct of Defendant, as alleged herein, not only violates Title VII of the Civil Rights Act of 1964, as amended, but also violates the public policy of the State of North Carolina and North Carolina General Statutes Section 143-422.1 et seq.

17. That within 180 days of the last discriminatory actions of Defendant, Plaintiff filed a charge in writing with the Equal Employment Opportunity Commission (hereinafter "EEOC") charging Defendant with retaliation and national origin discrimination in its decision to terminate his employment, in the denial of opportunities, and with respect to the hostile environment created while so employed. More than 180 days have elapsed since Plaintiff filed these charges with the EEOC. On or about September 6, 2019, Plaintiff was issued a right to sue letter on said charge of discrimination from the local office of the EEOC. At this time, Plaintiff has decided to institute a private lawsuit, and is filing same within ninety (90) days of receipt of the EEOC's right to sue letter.

18. Said retaliation and national origin discrimination, creation of a hostile environment, and subsequent termination of Plaintiff's employment by Defendant, by and through its duly authorized agents is the direct and proximate cause of injury to Plaintiff in an amount in excess of $25,000.00 representing lost wages and benefits, emotional distress, and stress related medical conditions.

## SECOND CAUSE OF ACTION: PUNITIVE DAMAGES

19. The allegations set forth in paragraphs one through eighteen are realleged and incorporated by reference as if fully set forth.

20. The above described acts or omissions of the Defendant, by and through its duly authorized agents acting within the scope of their employment, constitute wrongs done wantonly, willfully, or with actual malice, or under circumstances of rudeness, insult, indignity, oppression, or in a manner which demonstrates a reckless disregard of the Plaintiff's rights.

21. Plaintiff is entitled to recover of Defendant on this cause an amount to be determined at trial as punitive damages to deter discrimination by Defendant in the future.

WHEREFORE, Plaintiff prays the Court as follows:

1. That the Court enter a preliminary and then permanent injunction enjoining Defendant, its officers, employees, agents and all persons acting in concert with Defendant, from engaging

3

in employment discrimination on the basis of national origin. Further directing Defendant to reinstate Plaintiff to the employment from which he was terminated, and to restore to him all wages, retirement benefits and other employment benefits due from his date of termination.

2. That the Court enter a money judgment against Defendant, awarding Plaintiff damages representing lost wages and all other sums of money, including retirement benefits and other employment benefits which Plaintiff would have earned had he not been terminated, together with interest on said amounts from Plaintiff's date of termination.

3. That he recover judgment against Defendant in an amount in excess of $25,000.00, plus interest, for emotional distress and punitive damages;

4. That he recover the costs of this action, including reasonable attorney's fees; and

5. For such other and further relief as to the Court may seem just and proper.

Nancy P. Quinn,
Attorney for Plaintiff
315 Spring Garden St., Suite 1D
Greensboro, NC 27401
Telephone: (336) 272-9072

4